IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM RUSHFORTH, III, on behalf of himself and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:11-CV-0035 |
| BANK OF AMERICA NATIONAL ASSOCIATION, | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Bank of America National Association's ("Defendant") Motion to Dismiss (Doc. 4). The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED**.

### I.  Case Background

William Rushforth, III, ("Plaintiff"), worked for Defendant as a mortgage loan officer until January 5, 2009.[2] Based on events that allegedly occurred during this employment, Plaintiff filed this suit pursuant to 29 U.S.C. § 201 et seq., the Fair Labor Standards Act of 1938, as amended, ("FLSA").[3] In the complaint,

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Doc. 17.

[2] See Doc. 4, Def.'s Mot. to Dismiss, p. 19; see also Doc. 7-1, Ex. 1, Sworn Decl. of Pl.

[3] See Doc. 1, Pl.'s Compl.

Plaintiff alleges that Defendant violated the FLSA by not paying him overtime wages and that the failure to pay overtime was willful.[4]

On September 6, 2010, twenty months after Plaintiff left Defendant's employ, Plaintiff filed a voluntary petition for Chapter 13 bankruptcy, and on November 23, 2010, the bankruptcy court confirmed the plan.[5] At no point during the bankruptcy proceeding did Plaintiff disclose to the bankruptcy court his potential claim against Defendant.[6] Plaintiff filed this civil action on January 5, 2011.[7] On February 1, 2011, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6).[8]

In its motion to dismiss, Defendant argues that the doctrine of judicial estoppel should bar Plaintiff from bringing suit because he never disclosed to the bankruptcy court his potential claim against Defendant.[9]

---

[4] See id. at 3.

[5] See Doc. 7, Pl.'s Resp. to Def.'s Mot. to Dismiss, p. 10; see also Doc. 4-3, Pl.'s Voluntary Pet. The court takes judicial notice of Plaintiff's bankruptcy filings. See Citifinancial Corp. v. Harrison, 453 F.3d 245, 249 n.3 (5th Cir. 2006); see also Imus v. Circle Y Saddles, Inc., No. H-10-3785, 2011 WL 1337608 (S.D. Tex. Apr. 7, 2011).

[6] See Doc. 7, Pl.'s Resp. to Def.'s Mot. to Dismiss, p. 10.

[7] See Doc. 1, Pl.'s Compl.

[8] See Doc. 4.

[9] See Doc. 4. Defendant also argues that the facts Plaintiff included in the complaint were insufficient, that Plaintiff's claims are time-barred, and that the "first-to-file" rule bars Plaintiff's claims. See id. Because the court finds Defendant's first argument of judicial estoppel dispositive, it does not address these other arguments.

## II. Standard of Review and Applicable Law

A. <u>Motion to Dismiss</u>

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a defendant may move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the court must view the complaint "in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." <u>Oppenheimer v. Prudential Sec. Ins.</u>, 94 F.3d 189, 194 (5th Cir. 1996)(citing <u>Mitchell v. McBryde</u>, 944 F.2d 229, 230 (5th Cir. 1991)).

With regard to the pleading standards laid out in Rule 8(a)(2), "[s]pecific facts are not necessary; the [allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). However, mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555.

Only when the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level" is dismissal appropriate. <u>Id.</u> In order to survive a motion to dismiss, the plaintiff must plead sufficient factual matter so that when a court accepts those facts as true they "state a claim to relief that is

plausible on its face." Id. at 570. Facial plausibility exists when the factual content of a complaint includes enough factual matter that a court may reasonably infer from it that the defendant is liable for the misconduct alleged. See Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009).

If a plaintiff pleads facts that only allow a court to infer a mere possibility of misconduct, then the plaintiff has not met his burden to show he is entitled to relief. See id. at 1950. When deciding whether a plaintiff has pleaded sufficiently, a court does not decide whether the plaintiff will ultimately prevail, but only whether the plaintiff is entitled to offer evidence in support of his claims. See Twombly, 550 U.S. at 563 n.8.

**B.   Judicial Estoppel**

Judicial estoppel is a common law doctrine that can be used to bar a claim when the party bringing the claim has previously taken an inconsistent position. See In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999). The purpose of the judicial estoppel doctrine is to prevent "parties from playing fast and loose with the courts to suit the exigencies of self interest." In re Superior Crewboats, Inc., 374 F.3d 330, 334 (5th Cir. 2004) (quoting In re Coastal Plains, 179 F.3d at 205).

Judicial estoppel is an equitable doctrine and it is within the court's discretion to decide whether to apply the doctrine or not. See In re Coastal Plains, 179 F.3d at 205. The Fifth Circuit

has found judicial estoppel appropriately applied where "(1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005).

Specifically in the context of a bankruptcy proceeding, the Fifth Circuit has also found judicial estoppel to be appropriate where "a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal on that undisclosed asset." Id. The reason for this particular application is because the "integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets." In re Coastal Plains, 179 F.3d at 208.

### III. Analysis

#### A. Plaintiff's Inconsistent Legal Positions

The court first turns to the first prong of judicial estoppel, that is, whether Plaintiff has taken an inconsistent position in a prior proceeding. Debtors in bankruptcy have an "express, affirmative duty to disclose all assets, including contingent and unliquidated claims." Id. at 207-08; see also 11 U.S.C. § 521(1). When a debtor lists assets in a bankruptcy filing or schedule under penalty of perjury, the fact that they fail to list an asset "is tantamount to a representation that no such [asset] existed." In

re Coastal Plains, 179 F.3d at 208. This duty to disclose is continuing and includes an obligation to amend filings to reflect any pending or unliquidated claims. See id.

In Plaintiff's response to Defendant's motion to dismiss, Plaintiff admits that he did not disclose the FLSA claim to the bankruptcy court.[10] Additionally, Plaintiff did not defend his failure to disclose by asserting that he had since disclosed the claim to the bankruptcy court; instead he only argues that his failure to disclose was inadvertent.[11] Since Plaintiff did not disclose the FLSA claim to the bankruptcy court either before the plan was confirmed or since, it appears undisputed that Plaintiff has asserted an inconsistent position by filing this suit. See In re Superior Crewboats, 374 F.3d at 335. The court finds that there is no issue of material fact concerning the first prong of Defendant's judicial estoppel defense.

B. **The Bankruptcy Court Accepted Plaintiff's Position**

The court next considers whether the bankruptcy court accepted Plaintiff's litigation position. Acceptance by a court of a party's position does not require a formal judgment, but only requires that the court adopt the position in some way, "either as a preliminary matter or as part of a final disposition." In re Coastal Plains, 179 F.3d at 206. Here, the bankruptcy court

---

[10] See Doc. 7, Pl.'s Resp. to Def.'s Mot. to Dismiss, p. 10.

[11] See id.

confirmed Plaintiff's Chapter 13 plan on November 23, 2010, and the plan was based on schedules and filings made by Plaintiff that did not list the FLSA claim as an asset.[12] Plaintiff convinced the bankruptcy court to accept his prior legal position by proposing a plan that did not include or reference the FLSA claim and by the bankruptcy court confirming that plan. The court finds that there is no issue of material fact concerning the second prong of Defendant's judicial estoppel defense.

C. **Plaintiff Did Not Act Inadvertently**

In order to overcome a defense of judicial estoppel, a party must prove that either he did not know of the facts underlying the undisclosed claim or that he had no motive to conceal it from the court, and, therefore, acted inadvertently. In re Coastal Plains, 179 F.3d at 212. Plaintiff does not argue that he had no motive to conceal the claim from the court, but only that he was unaware of the claim before his plan was confirmed by the bankruptcy court.[13] The Fifth Circuit has explained that inadvertence through lack of knowledge occurs when the facts that give rise to the claim were not known to the party bringing the claim. In re Coastal Plains, 179 F.3d at 211-12. Simply claiming a lack of knowledge of the right to bring a cause of action is not sufficient when the facts giving rise to the cause of action were known to the plaintiff. In

---

[12] See id.

[13] See id.

re Coastal Plains, 179 F.3d at 211(holding that the plaintiff did not act inadvertently when he failed to disclose his claim because he "knew of the facts giving rise to the inconsistent positions").

Here, Plaintiff argues that his failure to disclose the FLSA claim to the bankruptcy court was inadvertent because at the time he filed the bankruptcy suit he "was not aware that his rights had been violated under the FLSA."[14] Plaintiff further claims that he did not learn that his rights had been violated until after the confirmation of his plan.[15]

By the very nature of a FLSA claim, the facts that give rise to such a claim occur during the term of employment.[16] In the present case, Plaintiff's employment with Defendant ended on January 5, 2009. Plaintiff's Chapter 13 plan was confirmed by the bankruptcy court on November 23, 2010; Plaintiff brought this suit on January 5, 2011.[17] There can be no question that Plaintiff was aware at the time he filed his bankruptcy petition that he had worked in excess of forty hours per week for Defendant and had been paid on a commission-only basis with no overtime.

Furthermore, Plaintiff could have disclosed the FLSA claim

---

[14] Id.

[15] See id.

[16] Specifically, Plaintiff alleges that Defendant failed to compensate him for overtime in violation of the FLSA. See Doc. 1, Pl.'s Compl., p. 3. This claim requires an employer-employee relationship. See 29 U.S.C. § 207.

[17] See Doc. 7-1, Ex. 1, Sworn Decl. of Pl.

when he became aware of it. Debtors have a continuing duty to disclose assets in a bankruptcy proceeding, and the confirmation of a plan does not discharge that duty. See id. at 208. In fact, a confirmed plan may be modified in response to a request made by either the debtor himself, the trustee, or an unsecured creditor. See 11 U.S.C. § 1329(a). Plaintiff has neither made an attempt to modify the plan or to have the trustee bring the claim in his place.[18] The court finds that Plaintiff has failed to raise a fact issue that his failure to disclose the claim was inadvertent.

Thus, Defendant has established the defense of judicial estoppel as a matter of undisputed fact. The court **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED**.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's motion to dismiss pursuant to Rule 12(b)(6) be **GRANTED** based on the doctrine of judicial estoppel.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order

---

[18] When a debtor files for bankruptcy, all of his property, including existing causes of action, becomes assets of the bankruptcy estate. See 11 U.S.C. § 541(a)(1). The trustee, as the representative of the bankruptcy estate, is the real party in interest and is in fact the only party with standing to prosecute causes of action belonging to the estate. See 11 U.S.C. §§ 323 and 541(a)(1); see also Wieberg v. GTE Sw. Inc., 272 F.3d 302, 306 (5th Cir. 2001).

2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.

**SIGNED** in Houston, Texas, this 23rd day of June, 2011.

Nancy K. Johnson
United States Magistrate Judge